UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TODD E. MCDANIEL | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:26-CV-43-DPJ-ASH |
| CLOYD E. GARTH, JR., ET AL. | DEFENDANTS |

ORDER

This employee-benefits dispute is before the Court on Defendants' Motion to Dismiss [9] and Plaintiff's Motion to Supplement [13]. For the reasons stated below, the Court denies the motion to dismiss [9] and finds the motion to supplement [13] moot.

I. Facts and Procedural History

Plaintiff Todd McDaniel worked in various positions for the Hazlehurst City School District (HCSD) before leaving that employment. Compl. [1] ¶ 6. This dispute arises from HCSD's alleged failure to give him credit under the Public Employees' Retirement System for unused leave from 2014 to 2017. *Id.* ¶¶ 7–8. In 2024, he contacted HCSD asking Superintendent Cloyd Garth to "acknowledge and transfer" his benefits. *Id.* ¶ 10. No one responded even after letters from McDaniel's counsel. *Id.*

On January 21, 2026, McDaniel sued Garth and HCSD, asserting three state-law claims plus two claims based on 42 U.S.C. § 1983. The federal claims included a substantive due-process claim for the "refusal to certify or release Plaintiff's accrued retirement benefits, sick leave, and vacation days" (Count II), *id.* ¶ 34, and a First Amendment retaliation claim (Count III), *id.* ¶¶ 36–37. He also included a count for "deprivation of rights under color of law" (Count IV), but that count does not state a claim and instead recites the legal elements for his other § 1983 claims. *Id.* ¶¶ 38–39.

On March 20, 2026, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which McDaniel opposes. *See* Mot. [9]; Pl.'s Resp. [12]. Defendants did not file a reply, and the time to do so has expired.

II. Motion to Dismiss

Defendants offer three reasons to dismiss the federal claims and encourage the Court to decline supplemental jurisdiction over the state-law claims. Their federal arguments include: (1) lack of subject-matter jurisdiction; (2) accord and satisfaction; and (3) statute of limitations.

A. Subject-Matter Jurisdiction

***Federal claims.*** Section 1983 obviously creates a federal question. But Defendants say there is no federal subject-matter jurisdiction over McDaniel's federal claims because he has no property interest in the disputed benefits. Defs.' Mem. [10] at 11.

As noted, McDaniel asserts claims based on (1) substantive due process and (2) First Amendment retaliation. Defendants say there is no federal jurisdiction for the federal claims because McDaniel had no property interest in the disputed benefits. *Id.* at 10–11. But Defendants cite no authority suggesting that a property interest is a jurisdictional requirement for either claim.[1]

Even if it is not jurisdictional, "[t]o state a Fourteenth Amendment due process claim under § 1983, 'a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)). "To enjoy a property interest in employment, an employee must 'have a legitimate claim

[1] Subject-matter jurisdiction can be raised at any point. The Court's own review does not show a lack of jurisdiction, but if Defendants can show that property interests are a jurisdictional requirement that McDaniel has not met, they should re-urge this part of the motion.

of entitlement' created and defined 'by existing rules or understandings that stem from an independent source such as state law.'" *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

According to Defendants, McDaniel offers only conclusory factual assertions that his earned benefits count as a property interest. Defs.' Mem. [10] at 11. But they never replied to McDaniel's contrary arguments. Those arguments merit discussion, and, without more, the Court cannot say that a property interest is implausible as to the substantive due-process claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]

In addition, Defendants' property-interest argument never explores how it applies to the First Amendment retaliation claim under § 1983. The Court doubts that a property interest is required for this claim. *See generally Wetherbe v. Tex. Tech Univ. Sys.*, 138 F.4th 296, 303 (5th Cir. 2025), *cert. denied*, 146 S. Ct. 1492 (2026) (outlining legal framework without mentioning property rights). In any event, Defendants will need to substantively address this issue before relief can be granted.

***State-law claims.*** Defendants alternatively argue that "[e]ven if the plaintiff sufficiently alleged facts supporting a federal claim, the Court should decline to exercise supplemental

---

[2] The scope of the pleaded due-process claim is unclear. McDaniel states that he was denied his benefits "without justification or procedural safeguards, *in violation of the substantive due process protections* of the Fourteenth Amendment to the United States Constitution." Compl. [1] at 1 (emphasis added). He makes a similar statement in Count II: "This denial occurred without notice, justification, or any procedural mechanism for review, and was undertaken under color of state law. *Such conduct violates Plaintiff's substantive due process rights*." *Id.* ¶ 34 (emphasis added). Thus, he expressly couches his claim as a matter of substantive due process. But his reference to "procedural safeguards," *id.* at 1, and "notice," *id.* ¶ 34, hint at a procedural due-process claim. Either way, "both due process claims require a deprivation of a constitutionally protected interest." *Copeland v. Thornton*, No. 25-40513, 2026 WL 1558337, at *3 (5th Cir. June 2, 2026). But to avoid confusion, McDaniel should seek leave to amend if he intends to pursue procedural due process. As the Complaint now stands, it asserts only substantive due–process claims.

jurisdiction over his state law claims because those claims predominate over his conclusory federal claim." Defs.' Mem. [10] at 11–12.

Under 28 U.S.C. § 1367(a), supplemental jurisdiction exists "in any civil action of which the district courts have original jurisdiction" over "all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Defendants seem to accept that the state-law claims meet that test. So, they instead invoke § 1367(b)(2).

That section allows the Court to decline supplemental jurisdiction when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* Three of McDaniel's five claims are based on state law. But Defendants don't explain why the state-law claims predominate, and it is not apparent that they do. Without more, the Court would not exercise its discretion to decline jurisdiction.

Defendants also fault McDaniel because he "did not request the Court to exercise supplemental jurisdiction under 28 U. S. C. § 1367 over his state law claims." Defs.' Mem. [10] at 12. But Defendants cite no authority suggesting that this creates a basis for dismissal. And in other contexts, the Fifth Circuit has noted that "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (quoting *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). On this record, the Court will not dismiss the state-law claims.

B. Affirmative Defenses

Defendants' other two arguments are both affirmative defenses—accord and satisfaction and statute of limitations. *See* Fed. R. Civ. P. 8(c)(1) (listing "accord and satisfaction" and "statute of limitations" among the "affirmative defenses"). Though "dismissal under Rule

12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006).

***Accord and satisfaction.*** The accord–and–satisfaction defense is based on records Defendants attached to their motion, and it is not evident on the face of the Complaint. *See id.* Nor did Defendants offer any legal authority contrary to the analysis McDaniel provided in response. If they raise this defense again under Rule 56, they will need to address McDaniel's arguments.

***Statute of limitations.*** This is somewhat tricky. The parties correctly agree that federal courts in Mississippi apply a three-year statute of limitation to § 1983 claims. *See* Defs.' Mem. [10] at 12; Pl.'s Resp. [12] at 5. Defendants then offer this argument: "All of plaintiff's claims stem from his contractual employment relationship with the HCSD. That relationship ended June 30, 2018. The statute of limitations ran on all of his claims by June 30, 2021." Defs.' Mem. [10] at 12.

To some extent, Defendants may ultimately be right. If June 2018 is the accrual date, then the claims became stale about five years before McDaniel's January 21, 2026 Complaint. But there are at least three issues that prevent the Court from granting this relief now.

First, the accrual date is fact specific, and "[u]nder the federal 'discovery rule,' an action accrues when a plaintiff knows both the existence of an injury and the cause of the injury." *Kingham v. Pham*, 753 F. App'x 336, 337 (5th Cir. 2019) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011)). It is at least plausible that McDaniel discovered the claim after June 2018. Second, Defendants did not reply to McDaniel's argument that the alleged failures continued through 2025. *See* Pl.'s Resp. [12] at 6. Third,

Defendants did not distinguish between the due-process claim and the retaliation claim. The retaliation claim—though somewhat unclear—seems to assert that Defendants retaliated by refusing to acknowledge McDaniel's 2024 request for the benefits. *See* Compl. [1] ¶¶ 10–15, 36. That claim may have other issues, but Defendants have not explained why retaliation in 2024 would be time-barred.[3]

For these reasons, the Court finds that the Complaint should not be dismissed. But this ruling is without prejudice to Defendants reasserting their arguments under Rule 56 (or Rule 12 if they can show a lack of subject-matter jurisdiction).

## III. Plaintiff's Motion to Supplement [13]

Before the Court ruled on the motion to dismiss, McDaniel filed a motion seeking leave to file supplemental briefing. Pl.'s Mot. [13]. Defendants oppose the motion, objecting to the new arguments raised in McDaniel's proposed supplemental memorandum. *See* Defs.' Resp. [14]. But the Court need not address those arguments here. Because the motion to dismiss is denied, the motion to supplement [13] is considered moot.[4]

---

[3] The Complaint is vague with respect to the protected speech, but Plaintiff's supplemental memorandum indicates that the claim is based on a successful federal suit he filed against these Defendants. *See* Pl.'s Supp. Mem. [13-1] at 4 (referencing No. 3:19-CV-254); *see also id.* at 8 (noting Fifth Circuit Opinion affirming judgment in Plaintiff's favor).

[4] Although the motion to supplement is moot as to the motion to dismiss, McDaniel raises a separate issue in the proposed brief, suggesting that defense counsel be removed from this case. Pl.'s Supp. Mem. [13-1] at 1. That request seems dubious and is not properly before the Court. Under Uniform Local Civil Rule 7(b), any request for court action "must be presented by a motion." And under Local Civil Rule 7(b)(3)(C), "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately." McDaniel has not properly asserted this request.

IV. Next Steps

Although the Court has denied the motion to dismiss, none of the issues raised in that motion have been resolved. Given the Fifth Circuit holding in No. 3:19-CV-254, and the fact that the hours were apparently credited in 2025, the Court believes an early resolution should be discussed. The parties are instructed to contact Courtroom Deputy Shone Powell within three business days of this Order to set the case for a Zoom status conference with the district court.

V. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have altered the outcome. For the reasons stated above, the Court denies Defendants' motion to dismiss [9] and finds Plaintiff's motion to supplement [13] moot.

**SO ORDERED AND ADJUDGED** this the 17th day of November, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE